ZIA H. SHAIKH
4400 Route 9 (Suite 1000)
Freehold New Jersey, 07728
(732)766-5466
Email:Zia@MyArpp.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

---

ZIA HASSAN SHAIKH,                               Docket No.

        Plaintiff,                               Civil action

-against-

STATE OF NEW JERSEY - DEPARTMENT OF
BANKING & INSURANCE, DIVISION OF                 **VERIFIED COMPLAINT**
INSURANCE; RICHARD J. BADOLATO,
COMMISSIONER, IN HIS OFFICIAL &
INDIVIDUAL CAPACITY,
JOHN/JANE DOE, EMPLOYEE
DEFENDANTS,

        Defendants.

---

      **COMES NOW, ZIA HASSAN SHAIKH, the plaintiff pro se' in the above entitled matter,** who herein files within civil action against defendants, for a deprivation of his fundamental Civil Rights as guaranteed under the **United States Constitution, Fourteenth Amendment** and in support thereof, plaintiff states and alleges as follows;

    1. That the undersigned is more than 18 years of age, a citizen of the United States, Resident of the State of New Jersey, eligible to sue and be sued.

    2. That no suit involving the claims as prosecuted herein have been filed in any other Court or jurisdiction.

## JURISDICTION & VENUE

3. That jurisdiction lies before this Honorable Court pursuant to Title 28 §§1331/1391, wherein the parties live or conduct business within the judicial district of this Honorable Court, the events complained of to place with the judicial district of the Court, suit presents a federal question and plaintiff seeks more than $75,000.00 (Seventy Five Thousand dollars), in damages.

4. That plaintiff requests the Court to take **supplemental jurisdiction** over all related state claims.

5. That venue lies before this Honorable Court as the locations where claims complained of occurred.

## THE PARTIES

6. That plaintiff is a Resident of the State of New Jersey and **lifetime holder** of various **lifetime licenses, to sell insurance and annuity products,** as Tested for, (passed), and qualified, issued by the Defendant Department of Banking and Insurance, Division of Insurance of the State of New Jersey, the insurance regulating authority for the State of New Jersey.

7. That defendant Department of Banking and Insurance, Division of Insurance of the State of New Jersey, is an Agency of the State of New Jersey Responsible to Regulate matters within its jurisdiction including but not limited to issuance and regulation of insurance licenses to qualified individuals and plaintiff first received a lifetime license to sell insurance within the State of New Jersey, (aside from periodic renewal) in 1995.

8. That Defendant **RICHARD J. BADOLATO, is the Commissioner of Defendant** Department of Banking, and responsible for operation and management of the Agency, duly authorized to act as an agent of the State of New Jersey.

9. **That Defendant(s) 'John/Jane Doe',** are believed to be employees of Defendant Department of Banking, and plaintiff intends to identify them during the discovery phase of the trial process.

## NARRATIVE OF THE CASE

10. The plaintiff is a Pakistan/Asian American Muslim and the instant complaint arises from an **animus** against him by defendant(s) because of his cultural/Ethnic & Religious background, depriving plaintiff of due process & equal protection of law, depriving him of his

lifetime privileges as a licensee of multiple New Jersey State issued Insurance licenses authorizing him to sell Insurance in all categories for which he is licensed, within the State of New Jersey.

11. That the plaintiff passed qualified Testing in all categories for which he held lifetime licenses in the insurance industry, which were **arbitrarily and capriciously** revoked by the defendant(s), (who held an animus against plaintiff for his cultural/Ethnic and Religious Beliefs) based upon **erroneous** administrative charges for an alleged violation of unproven Advertising policy under the New Jersey Insurance Producers act,

12. That the defendant(s) deprived the plaintiff of a fair and impartial evidentiary hearing held in 'good faith, only affording plaintiff the opportunity to respond in writing, depriving him of the opportunity to confront and cross examine witness before a fair and impartial tribunal, in accord with due process.

13. That Plaintiff asserts and charges that defendant(s) revoked his licenses because of an **animus** against him as a **born Pakistani Muslim,** depriving plaintiff of his right to earn a living following successfully passing indispensable testing for the multiple lifetime insurance sale licenses he held, since 1995.

The defendants have exhibited **animus** towards plaintiff, during various contacts, despite his successful testing and accomplishment of achieving licensing in multiple categories of the insurance sales industry.

## FACTS RELATED TO ALL COUNTS

14. That the plaintiff was an applicant who was tested and qualified to hold a lifetime License as set forth more fully below, subject only to periodic renewal requirements.

- **LIFE INSURANCE QUALIFIED AS A RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31st, 1995.**
- **ACCIDENT-HEALTH-OR SICKNESS QUALIFIED AS A RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31ST, 1995**
- **PERSONAL LINES QUALIFIED AS RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31ST, 1995**

- **PROPERTY QUALIFIED AS A RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31ST, 1995**
- **CASUALTY- QUALIFIED AS A RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31ST, 1995**
- **VARIABLE- QUALIFIED AS A RESIDENT APRIL 6TH, 2004**

15. That plaintiff passed qualifying Examinations in each of the aforementioned licensee categories and was duly granted a **lifetime license** in each category of insurance, beginning in 1995.

16. That defendant(s) brought **erroneous** administrative charges against plaintiff concerning advertising policy and following a resolution which was reached with plaintiff's former counsel in 2012, more than FOUR years later instituted formal written charges in 2016, without any notice to Plaintiff of his former attorney Brian Thorn an attorney with White Fleischner & Fino from Holmdel, NJ.

17. That plaintiff was not afforded to appear in person before any administrative tribunal to defend the charges, in accord with due process, but only respond in writing.

18. That defendants treated plaintiff **indifferently** because of his ethnic, Asian background and faithful Religious beliefs (Muslim).

19. That the plaintiff's licenses to sell insurance in all categories which he tested for and passed, being granted a lifetime license in multiple categories, was **wrongfully revoked** by the defendants who acted based upon an **animus** against the plaintiff.

20. That plaintiff was deprived of his right to work and earn a living since the revocation. (June 24, 2016)

21. That plaintiff has persistently challenged the defendants decision and has been treated **indifferently** by defendant(s), because of his ethnic background and faithful Religious beliefs.

22. **That racial/ethnic and religious discrimination by many in the USA including defendants is an incontrovertible fact, since the unfortunate events of 9/11.**

23. That plaintiff is a citizen of the United States, since 2001.

24. That plaintiff is a family man being deprived of his livelihood, by defendant(s)

animus towards him.

25. That plaintiff never received a **fair and impartial** hearing from defendant(s), in violation of plaintiff's **fundamental due process rights.**

26. That defendant(s) in discriminating against plaintiff violated his 'equal protection' rights, in treating him differently than other licensees holding the same lifetime licenses as the plaintiff, and **who are not born Muslims.**

27. That aside from a routine renewal process each of the licenses held by the plaintiff in multiple categories for the sale of insurance, were **lifetime licenses.**

28. That defendant(s) acted under the **'color of state' and 'color of law'** in **arbitrarily and capriciously** revoking plaintiff's lifetime licenses, without the protections of due process and equal protection, fundamental rights owed the plaintiff as a citizen of the United States and guaranteed under the **United States Constitution, Fourteenth Amendment, and Title 42 §1983.**

29. That defendant(s) discriminatory practices were unlawful and intentional because of **their animus against persons of the Muslim Religious faith.**

30. That plaintiff exhausted administrative remedies seeking the reinstatement of multiple insurance sales licenses which were **wrongfully revoked** by defendants who acted with a pattern and practice of racial and Religious discrimination against the plaintiff causing plaintiff **to suffer 'harm'**, in the loss of his livelihood and financial damages with the loss of plaintiff's income by filing various proofs of these alleged violations in his Motion to Dismiss original complaint with subsequent order revoking licenses, filed December 28, 2017. **EXHIBIT "1"**

31. The defendants without regard to the facts and lack of proofs denied Plaintiff's request via an order No. A18-110 on October 15, 2018.

32. That plaintiff is a member of a protected class.

33. That the administrative proceedings provided by defendant(s) are not adequate or consistent with due process protections, wherein they do not provide a review by a 'fair and impartial' in 'good faith', party.

34. That defendants fail to provide timely due process causing the plaintiff to suffer harm.

35. That plaintiff had a reasonable expectation of settlement of the original claim, once

the defendants originally reviewed the matter and discussed the matter with plaintiff counsel, and never took any timely further steps to prosecute a claim for alleged violations of their advertising policy against the plaintiff.

36.  That the original charges did not include specifications against all licenses held by the plaintiff, yet all licenses were arbitrarily and capriciously revoke.

37.  That the defendants'' while acting under the **color of state/law**, violated plaintiff's fundamental right to earn a living and enjoy the full benefit of all of his multiple insurance sales licenses, free **from harassment, intimidation or wrongful prosecution** of administrative charges against him based upon an **animus held by the defendant(s) and their employees.**

38.  That the plaintiff suffered harm, financial losses and damages by the defendant(s) unlawful conduct, and defendants deprivation of his protected due process and equal protection rights, as secured and protected under the Constitution of the United States.

## COUNT ONE
## VIOLATION OF TITLE 42 §1983

39.  That here by reference plaintiff incorporates all aforementioned facts and averments as set forth more fully in paragraphs 1-37 above, as though actually set forth herein.

40.  That Title 42 §1983 provides verbatim in part as follows:

"**Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, "....**

41.  That the Defendant(s) are a 'person' within the meaning of Title 42 §1983.

41.  That plaintiff is a qualified citizen of the United States, protected from any deprivation of his Civil Rights as codified under the statute.

42.  That the Defendant(s) used the Administrative Remedy review process they

provided the plaintiff as a **pretext for due process.**

43. That the Administrative Remedy process provided the plaintiff by Defendant(s) deprived plaintiff of his Civil Rights in failing to give the plaintiff adequate due process, and the deprivation of plaintiff's rights by the Defendant(s) who acted under the **'color of state/law',** caused the plaintiff to suffer financial harm, loses and damages.

44. **WHEREFORE,** plaintiff demands a Money Judgment in the amount of $5,000,000.00 dollars (Five Million dollars), in actual and compensatory damages, and punitive damages in an amount to be determined by a jury at trial, together with related court costs, pre and post judgment interest, reasonable attorney fees, and any other relief the Court may deem just within its jurisdiction.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS UNDER THE NEW JERSEY LAW

45. Plaintiff repeats and realleges each and every allegation in paragraphs 1-44 as if fully set forth herein.

46. On information and belief, Defendants have actual knowledge about the contract between Plaintiff and dozens of Life insurance companies offering financial products for sale thru financial advisors such as the Plaintiff and are in possession of a copy of all such contracts.

47. Defendants have knowledge that all contracted life insurance companies have certain obligations to Plaintiff under the contract to support Plaintiff professionally.

48. Defendants' acts since 2016 has greatly interfered with Plaintiffs contractual relations with all contracted life insurance companies for which Plaintiff sold Life insurance and annuity policies, causing these Life insurance companies to breach their obligations and fiduciary duty to Plaintiff by withdrawing supports, business opportunities, potential clients and benefit from Plaintiff, and harming Plaintiff's reputation with growing animosity, and ultimate termination of Plaintiffs product sale contracts with same as an independent contractor.

49. It is unlawful and abusive for Defendants to take baseless action targeting Plaintiff without proving any alleged violations of the NJ Insurance producers act and or producing any victims of the alleged claims, No Corpus Delecti; all the while withholding information from the Plaintiff despite several requests for same.

50. It is unlawful to coerce Plaintiff into losing his long standing contractual relationships with life insurance companies where they have no standing by taking actions against Plaintiff.

51. Defendants' abusive practice was calculated, intended, malicious and targeted solely to Plaintiff, solely for the purpose of abusing a one man operation who is struggling to financially support his family. These defendants benefit by "awarding" each other medals on a "job well done" while justifying their regulatory positions by putting an innocent insurance producer out of business without any valid claims or jurisdiction as claimed.

52. They purposefully violated the New Jersey due process procedures to the detriment of a hard working New Jersey citizen and perilously affecting his economic advantage by creating unnecessary and illegal litigation, their overreach is affecting Plaintiff's relationships with third party insurance companies and his clients.

53. This is just one of their coercive tactics they have been using to harm Plaintiff's income ability while simultaneously affecting his credit score with the Three credit reporting agencies by imposing collection activity on an alleged civil penalty amount of $72,388 thru Penn Credit corporation collection agency, such practices are dishonest, unfair and wrongful towards Plaintiff. **EXHIBIT "2"**

54. Plaintiff is a divorced single father to his three young children, we all are suffering substantial damage and have become financially destitute as a result of Defendants' malicious and illegal acts including loss of employment, income, clients, and business opportunities to Plaintiff.

55. Such damage will cause irreparable harm if not enjoined by the Court.

56. **WHEREFORE,** plaintiff demands a Money Judgment in the amount of $5,000,000.00 dollars (Five Million dollars), in actual and compensatory damages, and punitive damages in an amount to be determined by a jury at trial, together with related court costs, pre and post judgment interest, reasonable attorney fees, and any other relief the Court may deem just within its jurisdiction.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP/ PROSPECTIVE ECONOMIC ADVANTAGE UNDER NEW JERSEY LAW

57. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 -56 as if fully set forth herein.

58. Defendants knew and/or should have known that a substantial part of Plaintiff's business relies on his contractual relationships with the life insurance carriers offering life insurance and annuity products to the residents of New Jersey and there would be always perspective economic advantages to Plaintiff when Plaintiffs clients, co-workers or affiliates would willingly work with Plaintiff.

59. Defendants have willfully and maliciously interfered with the business relationship between all New Jersey licensed insurance providers by causing the cancellation of such contracts with Plaintiff by pursuing a baseless claim alleging violations of the New Jersey Insurance producers act without any basis and jurisdiction.

60. It is unlawful and abusive for Defendants to take baseless action targeting Plaintiff without any PROOF of any violations of the act.

61. It is unlawful to coercively revoke Plaintiff's multiple insurance licenses that took him many years to amass just so the Defendants can place a "medal of job well done" on their chests. where they have no standing by taking actions against Plaintiff.

62. Defendants used dishonest, unfair or improper means to revoke Plaintiff's licenses and acted to benefit only themselves by withholding material information from the

Plaintiff in their original complaint dated January 17, 2012 leading up to the final order of NJDOBI E16-56 effective June 24, 2016 revoking Plaintiff's insurance licenses.

63. This State agency NJDOBI, has continuously harassed the Plaintiff since 2012 till this present day by alleging false complaints on baseless allegations on a regular basis for non lawful purpose to harm Plaintiff, his young children and take away his economic advantage.

64. As a result of Defendants continuous destructive malicious acts, Plaintiff lost his economic advantages, benefits and contracts, and has become financially destitute.

65. **WHEREFORE,** plaintiff demands a Money Judgment in the amount of $5,000,000.00 dollars (Five Million dollars), in actual and compensatory damages, and punitive damages in an amount to be determined by a jury at trial, together with related court costs, pre and post judgment interest, reasonable attorney fees, and any other relief the Court may deem just within its jurisdiction.

## COUNT FOUR
## DECLARATORY JUDGMENT
### Title 28 USC §2201

66. That plaintiff herein by reference incorporates all facts and averments as set forth more fully in paragraphs 1-65 above, as though fully set forth herein, and;

67. That plaintiff seeks a Declaratory Judgment pursuant to 28 USC §2201 (Declaratory Judgment Act), which Declares as follows:

68. That plaintiff took and passed various Tests to qualify for multiple licenses to sell insurance in the State of New Jersey, and first received lifetime licensing in 1995.

69. That the plaintiff received a lifetime license (aside from periodic renewal) to sell insurance in the following categories with the State of New Jersey:

70. **LIFE INSURANCE QUALIFIED AS A RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31st, 1995.**

71. **ACCIDENT-HEALTH-OR SICKNESS QUALIFIED AS A RESIDENTACTIVE STATUS EFFECTIVE AUGUST 31ST, 1995**

72. **PERSONAL LINES QUALIFIED AS RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31ST, 1995**

73. **PROPERTY QUALIFIED AS A RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31ST, 1995**
74. **CASUALTY- QUALIFIED AS A RESIDENT ACTIVE STATUS EFFECTIVE AUGUST 31ST, 1995**
75. **VARIABLE- QUALIFIED AS A RESIDENT APRIL 6TH, 2004**

76. That the plaintiff is entitled to a meaningful due process Hearing before a fair and impartial tribunal to defend any charges against his multiple licenses to sell insurance within the State of New Jersey.

77. That plaintiff's various licenses to sell insurance within the State of New Jersey, cannot be revoked, based upon an animus against him for his ethnic background or Religious belief (Muslim).

78. That absent a full and fair Hearing before a fair and impartial tribunal acting in good faith, plaintiff's multiple licenses to sell insurance in the multiple categories plaintiff tested for, and qualified for lifetime (aside from periodic renewal), **must be reinstated nun-pro-tunc**.

79. **WHERFORE,** plaintiff demands that this Honorable Court will Grant the Relief based upon all facts and averments as set forth in paragraphs 66-78 above sought by plaintiff, to wit Grant Declaratory Judgment pursuant to Title 28 §2201, Declaratory Judgment Act, granting plaintiff the right to obtain or renew his multiple insurance licenses free of any impediments, restrictions, or revocations by the defendants NJ DOBI et al.

**SHAIKH ZIA HASSAN,**
**Plaintiff pro se'**

Dated: June 17, 2019

## **CERTIFICATION OF PLAINTIFF**

That I, ZIA HASSAN SHAIKH, do herein State, Declare, and certify that all facts and averments as set forth in Civil Action, are based upon first hand information and belief and are True and Correct to be best of my knowledge and belief, and that any knowing false statement can subject me to suffer the pains and penalties of perjury.



_____
**SHAIKH ZIA HASSAN**

**Dated: June 17, 2019**