**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZIA HASSAN SHAIKH, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY - DEPARTMENT OF BANKING & INSURANCE, DIVISION OF INSURANCE, *et al.*, <br><br> Defendants. | Civil Action No. 19-14092 (GC) (TJB) <br><br> **MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Zia Hassan Shaikh's Motion for leave to file a Second Amended Complaint (SAC). (ECF No. 55.) Defendants opposed. (ECF Nos. 57 & 58.) Shaikh replied and requested that the Court impose sanctions against Defendants Brian Thorn, Esq., and the White, Fleischner & Fino Law Firm (the Attorney Defendants). (ECF No. 59.) The Attorney Defendants opposed, and Shaikh filed a sur-reply. (ECF Nos. 61 & 62.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Shaikh's Motion to Amend and request to impose sanctions are **DENIED**.

I.   **BACKGROUND**[1]

    A.   **Factual Background**

This matter arises out of the revocation by the New Jersey, Department of Banking & Insurance, Division of Insurance (DOBI) of Plaintiff Shaikh's New Jersey licenses to produce insurance and to sell real estate. (ECF No. 55-2 at 5.[2]) Since 1995, Shaikh held nine licenses with DOBI to produce insurance and one real estate salesperson license with the New Jersey Real Estate Commission (REC).[3] (*Id.* at 4-5.) In August 2011, Shaikh hired a marketing company "to create and send postcards for soliciting retirement planning clients." (*Id.* at 7.)

In July 2012, Shaikh was notified by DOBI that the postcards violated New Jersey "statutes related to investor fraud." (*Id.*) Instead of settling the matter by admitting wrongdoing and paying a $2,500 fine, Shaikh "disputed the allegations" by arguing that the marketing company "handle[d] all aspects of the mailing." (*Id.*) Shaikh hired the Attorney Defendants to represent him in the matter. (*Id.*) In February 2013, Thorn advised Shaikh that "the matter had been resolved." (*Id.*)

In September 2014, Shaikh "transferred his NJ insurance licenses to Wyoming as a non-resident producer," registered a new Wyoming address with DOBI, and appointed an agent to receive his mail at the Wyoming address. (*Id.*) In March 2016, Defendant Deputy Attorney General Ryan Schaffer contacted Shaikh regarding the fraudulent mailers, and Shaikh informed

---

[1] When determining whether a proposed amended pleading is frivolous or insufficient on its face, the Court utilizes the motion to dismiss standard under Rule 12(b)(6), accepting as true all well-pleaded facts and drawing all reasonable inferences in favor of the plaintiff. *See Bonds v. N.J. Judiciary Admin. of the Ct.*, Civ. No. 19-18983, 2024 WL 2091119, at *8 (D.N.J. May 9, 2024) (citations omitted). Except where otherwise indicated, the Court draws the factual background from Shaikh's proposed SAC.

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3] The REC is a state commission organized within DOBI. *See* N.J. Stat. Ann. § 45:15-5.

DAG Shaffer that "the issue was settled and to contact his attorney." (*Id.* at 8.) Shaikh alleges that on April 4, 2016, DOBI sent an Order to Show Cause to Shaikh's registered Wyoming address as to why his insurance producer licenses should not be revoked due to the allegedly fraudulent mailers. (*Id.* at 7.) Shaikh claims he "did not receive the OTSC due to his ongoing divorce proceedings."[4] (*Id.*)

In June 2016, DOBI issued a final order revoking Shaikh's insurance licenses and imposing a $71,000 fine. (*Id.* at 8.) Shaikh responded to the OTSC in July 2016 and requested a hearing, which was denied. (*Id.*) Shaikh also filed an appeal with the New Jersey Superior Court, Appellate Division, but "withdrew the appeal on advice to pursue an administrative hearing." (*Id.*) Ultimately, in October 2018, DOBI denied all requested relief due to Shaikh's "lack of timely response to the OTSC." (*Id.*)

In June 2017, while Shaikh was litigating the revocation of his insurance licenses, Shaikh applied to renew his real estate license with the REC and disclosed that his insurance licenses had been revoked. (*Id.* at 8-9.) The REC held a hearing, which Shaikh alleges focused primarily on Shaikh's alleged outstanding child support arrears. (*Id.* at 6-7.) The REC ultimately revoked Shaikh's real estate license. (*Id.* at 32.) Shaikh alleges that his licenses were revoked because of his ethnicity and religious beliefs. (*Id.* at 10.)

### B. Procedural Background

Shaikh's proposed SAC brings the suit against the same parties as the First Amended Complaint (FAC): DOBI, the REC, and the following individuals in both their official and

---

[4] Over the past ten years, Shaikh "has filed or joined at least nineteen (19) federal actions and eight (8) state actions seeking to challenge events and underlying court orders flowing from his divorce." *Shaikh v. Germadnig*, Civ. No. 22-2053, 2023 WL 4534127, at *1 (D.N.J. July 13, 2023) (noting that "the common theme uniting each lawsuit is Plaintiff's anger with the outcome of his state court proceedings" and summarizing Shaikh's prior state and federal lawsuits).

individual capacities: Marlene Caride, former DOBI Commissioner; Aurelio Romero, the Executive Director of the REC; Lauren Glantzberg, a "supervisor of investigations" at the REC; and DAG Schaffer (the State Defendants), as well as the Attorney Defendants. (*Id.* at 4-5.)

Shaikh filed his original Complaint on June 20, 2019. (ECF No. 1.) After Shaikh's applications to proceed *in forma pauperis* were twice denied due to missing information (ECF Nos. 11 & 22), Shaikh filed an Amended Complaint on May 21, 2023 and paid the filing fee, (ECF No. 27). Defendants moved to dismiss. (ECF Nos. 39, 43.) On April 30, 2024, the Court granted the Defendants' motions to dismiss in part, dismissing Shaikh's claims under 18 U.S.C. §§ 241 and 242 with prejudice and dismissing the remaining claims without prejudice. (ECF No. 50.) The Court granted Shaikh 30 days to file a motion to amend his pleadings and a proposed SAC. (*Id.*)

Shaikh's proposed SAC asserts, via 42 U.S.C. § 1983, violations of his rights to due process under the Fourteenth Amendment to the United States Constitution; a violation of 18 U.S.C. § 1981 for discrimination; and two state-law claims for tortious interference with contractual relations and prospective economic advantage. (ECF No. 55-2 at 12-31.) Shaikh also (1) argues that the REC should not have considered his alleged outstanding child support arrears when revoking his license (*id.* at 26-27); (2) asserts two causes of action against the REC under New Jersey statutes governing the revocation process (*id.* at 31-33); and (3) seeks declaratory relief, reinstatement of his licenses, and monetary damages (*id.* at 33-34).

## II.  STANDARD OF REVIEW

### A.  Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc.*, 220 F.3d at 176. "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists." *Arosa Solar Energy Sys., Inc. v. Solar*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

Rule 12(b)(1) also encompasses dismissals for "lack of jurisdiction due to Eleventh Amendment immunity." *Nemeth v. Office of the Clerk of the N.J. Superior Court*, Civ. No. 19-16809, 2020 WL 2537754, at *2 (D.N.J. May 19, 2020). State sovereign immunity under the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 494 (D.N.J. 2015). Once

a challenge to jurisdiction is raised under Rule 12(b)(1), the plaintiff bears the burden to demonstrate the existence of subject-matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

      **B.**      **Rule 12(b)(6) – Failure to State a Claim Upon Which Relief Can Be Granted**

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020).

      **C.**      **Rule 8 – Pleading Requirements**

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Rule 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they do]

not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Courts must liberally construe pro se pleadings "to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (citation omitted). But even pro se litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Phila.*, 738 F. App'x 106, 107 (3d Cir. 2018).

## III.  DISCUSSION

As a preliminary matter, Shaikh's Motion to Amend is procedurally deficient under Local Civil Rule 15.1(a)(2), which requires litigants to attach to their motion to amend "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining material to be added." Shaikh's proposed SAC does not comply with Rule 15.1(a)(2) despite the Court notifying Shaikh of this requirement after receiving two proposed amended pleadings that did not comply with Rule 15.1(a)(2). (*See* ECF No. 56.) Shaikh's Motion may be denied on this procedural defect alone. *See Bonds*, 2024 WL 2091119, at *4 (citing *A.B. v. Vineland Bd. of Educ.*, Civ. No. 17-11509, 2019 WL 2354609, at *5 (D.N.J. June 4, 2019) (dismissing a claim for failure to comply with Local Civil Rule 15.1)). In the interest of judicial economy and mindful of Shaikh's pro se status, the Court will consider Shaikh's proposed SAC in the light most favorable to him despite his non-compliance with the Local Civil Rules. *See* L. Civ. R. 83.2 (permitting the Court to relax a local rule if adherence would cause surprise or injustice); *Galloway v. United States*, Civ. No. 14-06372, 2017 WL 5172393, at *2 n.5 (D.N.J. Nov. 8, 2017) (relaxing the local rules in light of the plaintiff's pro se status but noting that pro se litigants are "not excused from conforming to the standard rules of civil procedure" (citation omitted)).

### A. Plaintiff's Claims Against the Attorney Defendants

Shaikh filed his original Complaint on June 20, 2019. (ECF No. 1.) The Complaint brought three counts under § 1983 and common-law tortious interference against DOBI, its former Commissioner, and unnamed "employees of Defendant Department of Banking." (*Id.* ¶¶ 7-9.) The Complaint accused DOBI and then-Commissioner Richard Badolato of bringing "erroneous administrative charges . . . without any notice to Plaintiff [or] his former attorney Brian Thorn," an "attorney with White Fleischner & Fino." (*Id.* ¶ 16.) Despite referencing the Attorney Defendants, the original Complaint did not name them as defendants or otherwise imply that they were culpable in any way. (*See id.*)

After the Court denied Shaikh's second application to proceed *in forma pauperis*, Shaikh filed the First Amended Complaint (FAC) on May 21, 2023 and paid the filing fee on June 13, 2023. (ECF No. 27.) In the FAC, Shaikh attempted to assert claims against the Attorney Defendants for the first time. (*See id.*)

In its April 30, 2024 Memorandum Opinion, the Court dismissed Shaikh's claims against the Attorney Defendants as time-barred. (*See* ECF No. 50 at 10-14.) The Court found that Shaikh had until October 13, 2020 to file his § 1983 due process claims against the Attorney Defendants, or two years after DOBI issued a final order denying Shaikh's efforts to reinstate his insurance licenses. (*Id.* at 11-12.) Similarly, based on the pleadings, the latest that Shaikh could plausibly allege that he became aware that Attorney Defendants discriminated against him on the basis of race and interfered with his prospective business relationships was approximately June 2016, when Shaikh discovered that DOBI's charges against him had not in fact been resolved, and the Attorney Defendants declined to represent him further. (*Id.* at 12.) Thus, Shaikh had until June 2020 to file his § 1981 claim against the Attorney Defendants under the law's four-year limitations period; and

8

until approximately June 2022 to file his claims for tortious interference under that claim's six-year limitations period.[5] (*Id.*)

Because Shaikh did not file the FAC until May 21, 2023, his claims against the Attorney Defendants were untimely. (*Id.* at 12-13.) The Court further held that Shaikh's claims against the Attorney Defendants did not relate back to the original June 20, 2019 Complaint under Rule 15(c) because, as evinced by Shaikh's non-adversarial reference to the Attorney Defendants in the original Complaint, it was apparent that Shaikh omitted them by choice as opposed to "a mistake concerning the proper party's identity." (*Id.* at 13 (citing *Allen v. Nat'l R.R. Passenger Corp.*, Civ. No. 03-3497, 2004 WL 2830629, at *9 (E.D. Pa. Dec. 7, 2004) ("[I]t is well-settled that [Rule 15(c)] is not met if the plaintiff is aware of the identity of the newly named parties when she files her original complaint and simply 'chooses' not to name them at that time.")).) Finally, the Court did not find any basis to equitably toll the limitations periods but afforded Shaikh thirty days to move for leave to file a SAC to the extent he could plead facts justifying why equitable-tolling or relation-back should apply. (*Id.* at 14.)

Upon careful review of the proposed SAC, the Court finds that Shaikh has not provided any factual basis to justify equitable tolling or relation-back under Rule 15(c). Nothing in the SAC would allow the Court to reasonably infer that (1) "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action," (2) "the plaintiff in some extraordinary way has been prevented from asserting his or her rights," or (3) "the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." (*Id.* at 14 (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1022,

---

[5] *See also Labeau v. Rentzis*, Civ. No. 08-6300, 2010 WL 2521764, at *2 (D.N.J. Jun. 14, 2010) (noting that a claim for tortious interference under New Jersey law accrues when "the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim," which requires knowledge of "injury and fault" (citations omitted)).

1024 (3d Cir. 1997)).) Shaikh argues that the limitations period should be equitably tolled because the Attorney Defendants misled him into believing that the matter had been resolved in 2013 and failed to inform him that the matter was reopened in 2016. (ECF No. 59 at 3-4.) But as the Court previously noted, Shaikh discovered in June 2016 that the matter had not been resolved, and the fraudulent concealment rule "only tolls the statute of limitations until the date of discovery." (ECF No. 50 at 14 (quoting *In re Processed Egg Prods. Antitrust Litig.*, 931 F. Supp. 2d 654, 662 (E.D. Pa. 2013)).) Shaikh expressly argues that he learned "of the license revocations in 2016," and that the revocations have caused him "financial harm since June 2016." (ECF No. 59 at 3-5.) Shaikh has alleged nothing to change the Court's analysis that "even if the Court were to infer fraudulent concealment beginning in 2013, Shaikh could not plausibly allege such concealment beyond June 2016." (ECF No. 50 at 14.) As before, there is no factual basis to plausibly infer that the Attorney Defendants actively misled Shaikh into breaching the limitations periods.

As for relation-back, although Shaikh is correct that the SAC "arises from the same core of operative facts as the original complaint," that is but one prong of the test under Rule 15(c)(1). An amended pleading adding new defendants can relate back to the original pleading only if the new defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." *See* Rule 15(c)(1)(B)-(C). The SAC does not demonstrate—nor does Shaikh argue—that his omission of the Attorney Defendants as parties to the original Complaint was due to a mistake concerning identity or even legal ignorance. *See Allen*, 2004 WL 2830629, at *9 (collecting cases).

For the foregoing reasons, nothing in the SAC changes the Court's analysis that Shaikh's claims against the Attorney Defendants are time-barred. (ECF No. 50 at 14.) And even if Shaikh's claims were not time-barred or related back to the original Complaint, the Court finds that further

10

amendment would be futile because Shaikh's claims against the Attorney Defendants are legally insufficient on their face. *See Bonds*, 2024 WL 2091119, at *8 (quoting *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)).

First, as the Court previously noted, § 1983 does not apply to private actors such as the Attorney Defendants unless "they have conspired with or engaged in joint activity with state actors," and Shaikh has not plausibly alleged a conspiracy between the Attorney and State Defendants to deprive Shaikh of his constitutional rights. (ECF No. 50 at 19-20 (quoting *Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016)).) Shaikh argues that he has alleged an "agreement between Defendant Thorn and state officials to deprive Plaintiff of his licenses without due process" but cites numbered paragraphs that do not appear in any of his prior or proposed pleadings. (ECF No. 59 at 4.) On the contrary, the proposed SAC is devoid of any reference, conclusory or otherwise, to an agreement or conspiracy between the Attorney and State Defendants.

Next, Shaikh provides no factual basis to support his conclusory allegation that the Attorney Defendants treated him differently due to his ethnicity or religion. (*See* ECF No. 55-2 at 10 (alleging generally that the Defendants were "motivated by animus against [Shaikh's] ethnicity . . . and religious beliefs").) Thus, to the extent the SAC asserts any claim under § 1981, the claim is insufficient for the same reasons discussed in the Court's previous Memorandum Opinion. (*See* ECF No. 50 at 25-26 (citing *Gross v. R.T. Reynolds, Inc.*, 487 F. App'x 711, 719 (3d Cir. 2012) (finding that a plaintiff's "naked assertion" that the defendant treated other similarly-situated non-minority customers differently than plaintiff did not satisfy Rule 8's pleading standard); *Bridgeforth v. Am. Educ. Services*, 412 F. App'x 433, 435 (3d Cir. 2011) (affirming a district court's dismissal of a plaintiff's § 1981 claim "generally alleg[ing] 'race discrimination'" because "merely reciting an element of a cause of action or making a bare

11

conclusory statement is insufficient")).)

As for the tortious interference claims, they appear to be directed against the State Defendants for "revoking [Plaintiff's] licenses without proper due process" and are silent as to the Attorney Defendants. (ECF No. 55-1 at 30-31.) Even if the Court were to broadly construe the claims as being asserted against the Attorney Defendants, the proposed SAC does not plead "the existence and identity of at least a single, specific customer lost as a result of the alleged interference" necessary to sustain a claim for tortious interference. *See Millennium Ins. Co. v. First Keystone Risk Retention Grp., Inc.*, 332 F. App'x 787, 790 (3d Cir. 2009) ("As for tortious interference, we agree with the reasoning of the District Court and its conclusion that [plaintiff] failed to plead the claim with the requisite specificity. In particular, we note that [plaintiff's] complaint fails to identify a single, specific customer that [plaintiff] either lost or could have acquired but for [defendant's] conduct.")); *Magic Reimbursements LLC v. T-Mobile USA, Inc.*, Civ. No. 22-02121, 2023 WL 4866930, at *8 (D.N.J. Jul. 31, 2023) (collecting cases). Shaikh's conclusory allegations that "insurance companies terminated contracts or reduced support" and that his license revocations "hinder[ed] his ability to develop new business relationships" are insufficient. *See Advanced Oral Techs., L.L.C. v. Nutrex Research, Inc.*, Civ. No. 10-5303, 2011 WL 1080204, at *4 (D.N.J. Mar. 21, 2011) ("Plaintiff must allege an injury that is more concrete than lost business of unknown, unsolicited, or hypothetical customers.").

### B. Plaintiff's Claims Against the State Defendants

#### 1. *Sovereign Immunity, Quasi-Judicial Immunity, and Qualified Immunity*

The Court previously dismissed Shaikh's claims for damages against DOBI, the REC, and the individual State Defendants in their official capacity under the Eleventh Amendment, which affords sovereign immunity to states, state agencies, and state officials acting within their official

capacity. (ECF No. 50 at 16-18.) *See Shahin v. Delaware*, 563 F. App'x 196, 198 (3d Cir. 2014) ("A suit against the States, their agencies, and their employees acting in an official capacity is also barred, because it is merely another way of pleading an action against the state.") The Court concluded that all three factors outlined in *Fitchik v. New Jersey Transit Rail Operations* weighed in favor of finding that the DOBI, REC, and individual State Defendants are shielded by sovereign immunity. (ECF No. 50 at 17.[6]) Pursuant to *Ex Parte Young*, 209 U.S. 123 (1908), which allows plaintiffs to seek prospective injunctive relief from state officers to end ongoing harm, the Court excluded from its sovereign immunity analysis Shaikh's requests for an injunction reinstating his licenses (*Id.* at 18 (citing *Kaul v. Christie*, 372 F. Supp. 3d 206, 243 (D.N.J. 2019) (noting that a request by a former doctor to reinstate his medical licenses could constitute a claim for prospective injunctive relief under a sovereign immunity analysis)).)

Here, Shaikh has not alleged any new facts to change the Court's analysis that his claims against the State Defendants in their official capacities (except for his requests for injunctive relief) are barred by sovereign immunity. (*See* ECF No. 55-2.) Because this is Shaikh's third pleading in this matter, the Court finds that any further amendment would be futile. *See Pue v. N.J. Dep't of Labor*, Civ. No. 23-855, 2024 WL 1975387, at *3-4, 6 (D.N.J. May 3, 2024) (finding that further amendment would be futile where a pro a se plaintiff's second amended complaint failed to allege facts that would change the court's prior ruling that defendants were entitled to sovereign immunity).

As in his previous pleadings, Shaikh also sues the State Defendants in their individual capacities in the proposed SAC. (*See* ECF No. 55-2.) But Shaikh has not alleged anything to

---

[6]   (*See also* ECF No. 50 at 17 n.13 (collecting cases in which this Court and the United States Court of Appeals for the Third Circuit have found that DOBI, its Commissioner, the REC, and Deputy Attorneys General are entitled to sovereign immunity).)

13

overcome the individual defenses that the Court held were apparent on the face of the pleadings in its April 30, 2024 Memorandum Opinion.

*First*, Defendant Caride, the former Commissioner of DOBI, was performing a function comparable to that of a judge when she declined to reconsider or vacate DOBI's revocation of Shaikh's licenses, and she is therefore entitled to quasi-judicial immunity. (*See* ECF No. 50 at 20-23 (finding that the factors set forth in *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985) weighed in favor of affording quasi-judicial immunity to Caride).) *See also Savadjian v. Caride*, 827 F. App'x 199, 202-03 (3d Cir. 2020) (affirming the district court's holding on a motion to dismiss that the Commissioner of DOBI enjoys quasi-judicial immunity). As before, Shaikh's conclusory allegations that DOBI and the REC discriminated against him due to his ethnicity and religious beliefs and "have a pattern of discriminating against Muslims" are unsupported by any well-pled facts, and are therefore insufficient to show that Caride acted outside the scope of her authority. *See Gross*, 487 F. App'x at 719 (finding a plaintiff's bare assertion that the defendant treated other similarly-situated non-minority customers differently than plaintiff did not satisfy Rule 8's pleading standard); *Kaul*, 372 F. Supp. 3d at 246 (finding "conclusory, factfree" allegations of "bribery or fraud" insufficient to defeat an ALJ's claim of quasi-judicial immunity).

*Second*, the proposed SAC's claims against the individual State Defendants are identical to Shaikh's claims in the FAC and are therefore barred by qualified immunity for the same reasons articulated in the Court's previous Memorandum Opinion. (*See* ECF No. 50 at 23-24.) Like the FAC, the proposed SAC cites a variety of clearly-established constitutional and statutory rights but has not plausibly alleged that the individual State Defendants have violated those rights. Instead, Shaikh's factual allegations amount to disagreements with DOBI's underlying accusations against him and the process governing its revocation of his licenses. (*See* ECF No. 50 at 24-25.)

14

Because the proposed SAC does not plausibly allege a violation of the right to due process, and because Shaikh appears to concede that his "First Amendment right to petition does not seem to be implicated by the license revocation decisions," the individual State Defendants are entitled to qualified immunity. (*See* ECF No. 50 at 25 (citing *Kaul*, 372 F. Supp. 3d at 247 (noting that the "first qualified immunity prong" is "no different" than the "usual Rule 12(b)(6) standard").)

### 2. *Sufficiency of Claims*

Finally, to the extent Shaikh's claims for injunctive relief against the State Defendants in their official capacity are not barred by sovereign immunity, and to the extent his remaining claims for damages against them in their individual capacity are not barred by quasi-judicial or qualified immunity, further amendment would be futile because the claims are legally insufficient on their face. *See Bonds*, 2024 WL 2091119, at *8 (quoting *Harrison*, 133 F.R.D. at 468). As before, Shaikh provides no factual basis to support his § 1981 claims against the State Defendants for discrimination. (*See* ECF No. 50 at 24-25.) The tortious interference claims are insufficient for the same reasons previously discussed—they do not plead "the existence and identity of at least a single, specific customer lost as a result of the alleged interference" necessary to sustain a claim for tortious interference. *See Millennium Ins. Co.*, 332 F. App'x at 790; *Advanced Oral Techs.*, 2011 WL 1080204, at *4 ("Plaintiff must allege an injury that is more concrete than lost business of unknown, unsolicited, or hypothetical customers."). And Shaikh's two claims against the State Defendants for their "failure to investigate" are legally insufficient on their face because the statute cited in support—N.J. Stat. Ann § 45:15-9—does not appear to provide a private right of action, and instead places the burden on real estate salesperson license applicants to "furnish evidence of good moral character" to the REC. *See, e.g.*, *In re Cunha-Corcoran*, 2024 WL 3421628, at *2 (N.J. Super. Ct. App. Div. Jul. 16, 2024) (affirming the REC's denial of the appellant's application

15

for a real estate salesperson license because the applicant "failed to establish the 'requisite honesty, trustworthiness, character and integrity' for licensure" under N.J. Stat. Ann § 45:15-9).

Additionally, like in his FAC, Shaikh has not sufficiently pled the individual State Defendants' personal involvement in the alleged wrongs. Shaikh mentions Defendants Caride, Romero, and Glantzberg once in the proposed SAC to describe their respective titles, but he does not otherwise ascribe any specific conduct on their part. (*See* ECF No. 55-2 at 2-3.) And the only specific allegations against DAG Schaffer in the proposed SAC are that he refused to meet with Shaikh "to discuss the revocation." (*Id.* at 6.) As this Court previously held, even assuming that DAG Schaffer's actions were improper, Shaikh has not demonstrated that his actions were "plainly incompetent" or violated a "clearly established right" sufficient to strip DAG Schaffer of qualified immunity. *See Walker v. Coffey*, 905 F.3d 138, 150 (3d Cir. 2018) ("[I]mproper conduct alone does not result in a forfeiture of qualified immunity."); *Constantine v. N.J. Dep't of Banking and Ins.*, Civ. No. 23-2423, 2024 WL 1988829, at *4-5 (affirming the district court's dismissal of claims against the Commissioner of DOBI because the complaint included "no allegations concerning her personal involvement" in the REC's revocation of the plaintiff's real estate license).

For the foregoing reasons, Shaikh's proposed SAC has not cured the deficiencies identified in the Court's previous Memorandum Opinion. Because the proposed SAC's claims are legally insufficient on their face, the Court finds that any further amendment would be futile. *See Bonds*, 2024 WL 2091119, at *8 (quoting *Harrison*, 133 F.R.D. at 468).[7] The Court's denial of Shaikh's Motion to Amend renders its dismissal of his claims final.

---

[7] Finally, the Court denies Shaikh's request for sanctions against Defendant Thorn, which conflates Shaikh's underlying allegations against Defendant Thorn for how he handled the 2012 fraudulent mailer matter with sanctions under 28 U.S.C. § 1927 against counsel whose actions during the instant proceedings constitute a "serious and studied disregard for the orderly process

## IV.    CONCLUSION

For the reasons set forth herein, Shaikh's Motion for leave to file a Second Amended Complaint (ECF No. 55) and request to impose sanctions are **DENIED**.  An appropriate Order follows.


Dated: December 16, 2024

                                                        **GEORGETTE CASTNER**
                                                        **UNITED STATES DISTRICT JUDGE**

---

of justice." *See Jorjani v. N.J. Inst. of Tech.*, Civ. No. 18-11693, 2023 WL 2986694, at *15 (D.N.J. Apr. 18, 2023) (quoting *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986)).