**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZIA HASSAN SHAIKH,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY - DEPARTMENT OF BANKING & INSURANCE, DIVISION OF INSURANCE, *et al.*,<br><br>Defendants. | Civil Action No. 19-14092 (GC) (TJB)<br><br>**OPINION** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon four Motions filed by Plaintiff Zia Hassan Shaikh: a Motion for Reconsideration, a Motion for Sanctions, and "Emergency" Motions for Recusal and to "Preserve the Status Quo." (ECF Nos. 65, 71, 77, 78.) Defendants opposed the Motions (ECF Nos. 66, 70, 72, 79), and Plaintiff filed replies (ECF Nos. 67, 68, 71, 73, 80). The Court has carefully considered the parties' submissions[1] and decides the matter without oral

---

[1]  Plaintiff filed multiple reply briefs in response to Defendants' oppositions to his Motion for Reconsideration without permission from the Court. (*See* ECF Nos. 67, 68, 80.) Local Civil Rule 7.1(d)(3) makes clear that "[n]o reply papers shall be filed, unless permitted by the Court, relating to the following motions: . . . Reconsideration under L. Civ. R. 7.1(i)." *See Walsh v. Walsh*, No. Civ. 16-4242, 2017 WL 3671306, at *1 n.1 (D.N.J. Aug. 25, 2017), *aff'd*, 763 F. App'x 243 (3d Cir. 2019) ("A reply is not permitted on a motion for reconsideration without permission from the Court. L. Civ. R. 7.1(d)(3). As such, the Court will not consider [the] [p]laintiff's reply.") Because *pro se* plaintiffs are not exempt from following procedural rules, the Court will not consider Plaintiff's reply briefs as they relate to his Motion for Reconsideration. *See Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014) (noting that *pro se* plaintiffs are "not exempt from procedural rules or the consequences of failing to comply with them"); *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); *see also Taylor v. Carter*, Civ. No. 20-18578, 2023 WL 2784389, at *1 n.1 (D.N.J. Apr. 4, 2023) (declining to consider *pro se* plaintiff's

argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Plaintiff's four Motions are **DENIED**.

## I. BACKGROUND

The Court assumes the parties' familiarity with the underlying facts and procedural history as set forth in the Court's prior opinions in this case. (*See* ECF Nos. 50 & 63.) This matter arises out of the revocation of Plaintiff Shaikh's New Jersey licenses to produce insurance and to sell real estate by the New Jersey Department of Banking & Insurance, Division of Insurance (DOBI). (ECF No. 63 at 2.[2]) In relation to the revocation of Plaintiff's licenses, Plaintiff filed suit against a combination of both private actors (Attorney Defendants) and government officials and entities (State Defendants).[3] (*See, e.g.*, ECF No. 27.)

On April 30, 2024, the Court dismissed Plaintiff's claims under 18 U.S.C. §§ 241 and 242 with prejudice against all Defendants. (ECF Nos. 50 & 51.) The Court permitted Plaintiff to seek leave to file a second amended complaint as to his remaining claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1981 and for state-law claims for tortious interference with contractual relations and

---

reply brief as part of motion for reconsideration because the plaintiff failed to seek permission from the court).
    Further, it is axiomatic that "a 'moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.'" *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (quoting *D'Allessandro v. Bugler Tobacco Co.*, Civ. No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)). This is so because "[b]asic fairness requires that an opposing party have a fair notice of his adversary's claims, as well as an opportunity to address those claims." *Id.* (quoting *Soto v. United States*, Civ. No. 04-2108, 2005 WL 3078177, at *6 (D.N.J. Nov. 16, 2005)). Here, in the interest of fairness, the Court will not consider Plaintiff's reply briefs as they relate to his Motion for Reconsideration.

[2]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]     "Attorney Defendants" and "State Defendants" are the shortforms used in the Court's prior decisions. (See ECF Nos. 50 & 63.)

2

prospective economic advantage. (*Id.*) On December 16, 2024, the Court denied Plaintiff's request for leave to file a second amended complaint. (ECF Nos. 63 & 64.) The Court reasoned that any further amendment would be futile because the claims against the Attorney Defendants were time barred. (ECF No. 63 at 8-12.) Regarding the State Defendants, the Court reasoned that those Defendants were immune from liability under sovereign immunity, quasi-judicial immunity and qualified immunity. (*Id.* at 12-15.) The Court also found that "to the extent [Plaintiff's] claims for injunctive relief against the State Defendants in their official capacity are not barred by sovereign immunity, and to the extent his remaining claims for damages against them in their individual capacity are not barred by quasi-judicial or qualified immunity," any "further amendment would be futile because the claims are legally insufficient on their face." (*Id.* at 15-16.)

One day after the Court denied Plaintiff's request for leave to amend, Plaintiff filed the instant Motion for Reconsideration. (ECF No. 65.) Following opposition responses from Defendants, Plaintiff filed a Motion for Sanctions against Defendants. (ECF No. 71.) Subsequently, on January 20, 2025, Plaintiff filed an "Emergency" Motion for Injunctive Relief. (74.) The Court denied that Motion and issued a Text Order, finding that "[b]ecause all of Plaintif's claims have been dismissed, Plaintiff has no reasonable probability of success on the merits in the litigation." (ECF No. 75.) In response to the Court's denial of Plaintiff's Motion for Injunctive Relief, Plaintiff filed two more "Emergency" Motions: "Motion for Recusal of Incompetent Judge Georgette Castner USDJ" and "Motion to Preserve Status Quo Pending Resolution of Recusal and Jurisdictional Challenges." (ECF Nos. 77 & 78.) As part of Plaintiff's recusal Motion, he asserted that the Undersigned must recuse herself because Plaintiff had filed

suit against her in the United States District Court for the District of Columbia. (ECF No. 77 at 2.)

While Plaintiff has not provided this Court with any information regarding his pending lawsuit against the Undersigned, the State Defendants have. (*See* ECF No. 79 at 3.) On January 13, 2025, Plaintiff filed a lawsuit in the District of Columbia, naming the Chief Judge of the United States Court of Appeals for the Third Circuit, along with three district judges, one retired district judge, and one magistrate judge from the District of New Jersey, among others, as defendants.[4] *See* Complaint, *Shaik v. Kirsch*, Civ. No. 25-00249 (D.D.C. Jan. 13, 2025).[5] On February 25, 2025, Plaintiff's suit was transferred to the District of New Jersey. *See* Order Transferring Case, *Shaik v. Kirsch*, Civ. No. 25-00249 (D.D.C. Jan. 13, 2025). That suit is now pending before the Hon. Susan D. Wigenton, U.S.D.J. *See* Complaint, *Shaik v. Kirsch*, Civ. No. 25-01952 (D.N.J. Mar. 14, 2025).

## II. DISCUSSION

### A. Motion to Recuse

As a threshold matter, the Court must first determine whether recusal is appropriate in this case. Plaintiff argues that the Undersigned must recuse herself from this case because: (1) the Undersigned "is now a named defendant in parallel federal litigation challenging her conduct in this case, making recusal mandatory under § 455(b)(5)(i)"; (2) pursuant to § 455(a), "[a] reasonable observer would question whether [the Undersigned] can impartially review motions challenging her own conduct"; and (3) "[h]aving to defend against Plaintiff's constitutional claims [in parallel

---

[4] The Court notes that Plaintiff has named 75% of the district judges sitting in the Trenton Vicinage as Defendants in his suit.

[5] The Court "may take judicial notice of the contents of another Court's docket." *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 at n. 1 (3d Cir. 2014).

4

federal litigation challenging the Undersigned's conduct] while simultaneously adjudicating this case creates an intolerable risk of bias." (ECF No. 77 at 2-3; *see* ECF No. 76.) The Court disagrees.

It is well established that "[a] determination regarding recusal lies within the discretion of the trial judge." *Thompson v. Hudak*, Civ. No. 24-3719, 2024 WL 1810018, at *1 (D.N.J. Apr. 25, 2024) (citing *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985)). "In considering a motion for recusal, district courts are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455." *Farzan v. Nationstar Mortg. LLC*, Civ. No. 23-2424, 2023 WL 8437233, at *2 (D.N.J. Dec. 5, 2023); *United States v. Nobel*, 696 F.2d 231, 235 n.7 (3d Cir. 1982).

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." The test for "recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Intern. Ltd. (Kensington I)*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 812 F.2d 128 (3d Cir. 1987)). In addition to § 455(a), judges must disqualify themselves from any proceeding to which they are a party. 28 U.S.C. § 455(b)(5)(i); *Williams v. Sontchi*, 840 F. App'x 669, 671 (3d Cir. 2020); *see also Mina v. Chester Cnty.*, Civ. No. 14-6261, 2015 WL 6550543, at *6 (E.D. Pa. Oct. 29, 2015) (noting that § 455(b)(5)(i) does not apply "when the naming of a judge as a defendant is frivolous").

Under 28 U.S.C. § 144, a judge must recuse herself if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal bias or prejudice against the party seeking recusal, or in favor of the adverse party." 28 U.S.C. § 144. In order to succeed on the recusal motion, the movant must make a "three-fold showing": (1) the facts must be material and stated

with particularity; (2) the facts must be such that, if true they would convince a reasonable person that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Under either statute, a party must generally rely on extrajudicial conduct to demonstrate bias; thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Further, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Thompson*, 2024 WL 1810018, at \*2 (quoting *Liteky*, 510 U.S. at 555). Importantly, "[a] recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)).

First, Plaintiff's argument that the Undersigned must recuse herself because of the "parallel federal litigation" lacks merit. This is so because Plaintiff misinterprets the scope of § 455(b)(5)(i). That rule can only serve as a basis for recusal when a judge is presiding over "any proceeding to which [the judge is] a party." *Williams*, 840 F. App'x at 671. Currently, the Undersigned is a named defendant in *Shaik v. Kirsch*, Civ. No. 25-01952 (D.N.J. Mar. 14, 2025), not a named defendant in this case. As a result, recusal cannot be predicated on § 455(b)(5)(i). *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (holding that recusal is inappropriate simply because a litigant has filed a lawsuit against the judge presiding over her case). To hold to the contrary would stretch § 455(b)(5)(i) to untenable limits, ultimately setting a dangerous precedent that disgruntled litigants may use § 455(b)(5)(i) to judge shop simply by filing a lawsuit against a judge they

6

unilaterally deem unfit to preside over their case.

Second, Plaintiff's argument that recusal is required under § 455(a) also lacks merit. Plaintiff's basis for recusal is that the Undersigned denied Plaintiff's motion for injunctive relief even though the Court had not yet decided his Motion for Reconsideration. (ECF No. 77 at 1-2.) But as the Court has already outlined, Plaintiff must generally rely on extrajudicial conduct to demonstrate bias or provide objective facts to show the Undersigned cannot be impartial. Here, "Plaintiff's allegations regarding this Court's recusal amount to being dissatisfied with this Court's rulings and lobbing conclusory and baseless allegations regarding this Court's purported biases." *Shaikh v. Akrush*, Civ. No. 19-20597, 2025 WL 43354, at *3 n.3 (D.N.J. Jan. 7, 2025). These allegations are insufficient to warrant recusal. *See Thompson*, 2024 WL 1810018, at *2 (denying the plaintiff's motion for recusal because he presented "no objective evidence or information suggesting the Court's impartiality might reasonably be questioned or that there are other personal prejudices or biases that would impugn the Court's ability to objectively rule on his claims in this matter"); *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal.").

Moreover, the Court clearly explained why it was denying Plaintiff's request for injunctive relief in its January 22, 2025 Text Order. The Court noted that a party moving for injunctive relief "must show as a prerequisite . . . (1) a reasonable probability of eventual success in the litigation." (ECF No. 75 (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).) Because all of Plaintiff's claims were dismissed, Plaintiff had no reasonable probability of success on the merits in this litigation, and therefore injunctive relief was inappropriate. (*Id.* (citing *Baker v. Fishman*, Civ. No. 14-7583, 2018 WL 6727536 (D.N.J. Dec. 21, 2018) (denying the plaintiff's motion for a preliminary injunction because the court dismissed the complaint, and therefore the

7

plaintiff could not show a likelihood of success on the merits).) Further, "judicial rulings, even erroneous ones, do not provide a basis for recusal, but are rather more appropriately grounds for appeal." *Mondelli v. Berkley Realty Partners No. 244, LLC*, Civ. No. 08-1582, 2008 WL 3843268, at *5 (D.N.J. Aug. 14, 2008), *aff'd sub nom. In re Mondelli*, 349 F. App'x 731 (3d Cir. 2009).[6]

Finally, Plaintiff's argument that the Undersigned "[h]aving to defend against Plaintiff's constitutional claims [in parallel federal litigation challenging the Undersigned's conduct] while simultaneously adjudicating this case creates an intolerable risk of bias" also lacks merit. In support of his argument, Plaintiff relies on the Supreme Court's decision in *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009). In *Caperton*, the Supreme Court held that "there are objective standards that require recusal when 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Id.* at 872 (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). However, the Supreme Court made clear that its decision addresses "an extraordinary situation where the Constitution requires recusal." *Id.* at 887. As part of its decision, the Supreme Court provided examples of what meets the "extraordinary situation," including the following: (1) direct pecuniary interests that would tempt adjudicators to disregard neutrality, (2) relationships between a judge and defendant in a criminal contempt context; and (3) "a person with a personal stake in a particular case ha[s] a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election

---

[6] Because the Court denies Plaintiff's Motion for Reconsideration, the issue as to the order in which the Court decided the motions is moot. (*See* ECF No. 76 at 2 (citing potentially fictitious Eastern District of Pennsylvania case for the proposition that a "court must resolve pending reconsideration before issuing new substantive orders").) Further, the purpose of injunctive relief "is maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). Therefore, because the Court had already issued a decision on the merits in this case (*i.e.*, dismissed all claims and denied request to file an amended complaint), there was no basis for injunctive relief. (*See* ECF Nos. 51 & 64.)

campaign when the case was pending or imminent." *Id.* at 877-85. The Court finds that having to simultaneously litigate two cases does not fall within the scope of an "extraordinary situation" warranting recusal.[7]

Therefore, the Undersigned will not recuse herself from this case.[8]

### B. Motion for Reconsideration[9]

Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, this district's local civil rules permit such motions if the movant (1) files its motion "within 14 days after the entry" of the challenged order and (2) sets "forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citations and quotation marks omitted). Such motions may be granted only if the moving party

---

[7] Plaintiff's arguments regarding recusal are based on 28 U.S.C. § 455 and *Caperton*, not § 144. Nevertheless, the Court finds that Plaintiff's arguments regarding recusal similarly fail under § 144 for the reasons outlined in this Opinion. Further, Plaintiff has not filed an affidavit in accordance with § 144. *See Jackson Hewitt v. Nat'l Tax Network, LLC*, Civ. No. 10-5108, 2012 WL 1495441, at *3 n.6 (D.N.J. Apr. 27, 2012) (noting that § 144, unlike § 455, requires an affidavit).

[8] As outlined by other courts in the District of New Jersey, Plaintiff is no stranger to litigation. *See Shaikh v. Germadnig*, Civ. No. 22-2053, 2023 WL 4534127, at *1 (D.N.J. July 13, 2023) (noting that "over the past ten years [Plaintiff] has filed or joined at least nineteen (19) federal actions and eight (8) state actions"). Not only has Plaintiff filed numerous lawsuits throughout this district and in state court, but he consistently files motions to recuse the judges assigned to his cases. *See, e.g.*, *Shaikh v. Germadnig*, Civ. No. 22-2053, 2025 WL 1135263, at *5 (D.N.J. Apr. 17, 2025) (Kirsch, J.) (denying Plaintiff's motion to recuse); *Shaikh v. Akrush*, Civ. No. 19-20597, 2025 WL 43354, at *3 n.3 (D.N.J. Jan. 7, 2025) (Kirsch, J.) (same); *Shaikh v. McMahon*, Civ. No. 20-20008, 2023 WL 2433885, at *2 (D.N.J. Mar. 9, 2023) (Castner, J.) (same); *Shaikh v. Landi*, Civ. No. 20-20005, 2023 WL 2433903, at *2 (D.N.J. Mar. 9, 2023) (Castner, J.) (same).

[9] Plaintiff's Motion for Reconsideration relates to the Court's December 16, 2024 Order, denying Plaintiff's Motion for leave to file a second amended complaint. (*See* ECF No. 65 at 5.)

shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citations and emphasis omitted). They are "not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013). And it is improper to "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Lynch v. Tropicana Products, Inc.*, Civ. No. 11-07382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

"Because the requirements are so stringent, motions for reconsideration typically are not granted." *CPS MedMgmt.*, 940 F. Supp. 2d at 168. Therefore, "[u]nless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.*

All of Plaintiff's arguments in support of his Motion for Reconsideration fall under the third prong for reconsideration—the need to correct a clear error of law or fact or to prevent manifest injustice. As outlined below, the Court finds that Plaintiff has not presented any support to warrant reconsideration.

First, Plaintiff asserts that the Court erred in its sovereign immunity analysis. (ECF No. 65 at 5-6.) Specifically, Plaintiff asserts that the Court "erroneously dismissed claims for prospective injunctive relief based on sovereign immunity" contrary to *Ex Parte Young*, 209 U.S. 123 (1908) and that "individual capacity claims are entirely distinct." (*Id.*) Both allegations lack

10

merit. Regarding Plaintiff's assertion that the Court improperly dismissed claims for prospective injunctive relief, Plaintiff fails to acknowledge that the Court already ruled that "to the extent [Plaintiff's] claims for injunctive relief against the State Defendants in their official capacity are not barred by sovereign immunity, . . ., further amendment would be futile because the claims are legally insufficient on their face." (ECF No. 63 at 15.) In other words, to the extent Plaintiff's claims were not barred by sovereign immunity, the claims failed because they did not meet the Rule 12(b)(6) standard. (*Id.* at 15-16.) As to Plaintiff's unclear assertion that "individual capacity claims are entirely distinct," to the extent Plaintiff is asserting that the Court failed to consider claims brought against Defendants in their individual capacity, such argument lacks merit. The Court determined that the claims against Defendants in their individual capacity were either barred by quasi-judicial immunity or qualified immunity, and if not barred by individual defenses failed to meet the Rule 12(b)(6) standard. (*Id.* at 12-16.)

Second, Plaintiff asserts that the Court erred in its due process analysis. (ECF No. 65 at 6.) Specifically, Plaintiff asserts that Defendants revoked his licenses without any hearing and that Defendants violated multiple state law procedures. (*Id.* at 6-7.) These assertions are devoid of any explanation as to how the Court erred in its due process analysis, and therefore are insufficient to warrant reconsideration. *See White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012) ("It is improper on a motion for reconsideration to 'ask the Court to rethink what it had already thought through—rightly or wrongly.'" (citation omitted)).

Third, Plaintiff asserts that the Court erred in its discrimination analysis. (ECF No. 65 at 7.) Specifically, Plaintiff asserts that the Court erred in dismissing his discrimination claims "without allowing discovery despite compelling evidence of disparate treatment." (*Id.*) In support of his argument, Plaintiff appears to list statistics related to "Muslim licenses" that have been

11

revoked, "comparator cases," and "direct evidence of bias." (*Id.* at 7-8.) But again, Plaintiff fails to explain how these assertions and examples show Defendants discriminated against him or that the Court erred in its prior decision. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) ("Only where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion [for reconsideration].")

Fourth, Plaintiff asserts that the Court erred when it declined to equitably toll his claims against Defendants. (*Id.* at 8-9.) Just as the Court previously held, none of Plaintiff's assertions in his Motion for Reconsideration, which appear to be regurgitations of prior arguments, would allow the Court "to reasonably infer that (1) 'the defendant has actively misled the plaintiff respecting the plaintiff's cause of action,' (2) 'the plaintiff in some extraordinary way has been prevented from asserting his or her rights,' or (3) 'the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" (ECF No. 63 at 9.) Therefore, the Court did not err in declining to toll the statute of limitations period. *See also Huertas v. City of Philadelphia*, 188 F. App'x 136, 138 (3d Cir. 2006).

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.

### C. Motion for Sanctions

Rule 11 allows a party to move for the imposition of sanctions against an adversary. *See* Fed. R. Civ. P. 11(c)(2). Sanctions awarded under Rule 11 "are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous" and amounts to an abuse of the legal system. *Watson v. City of Salem*, 934 F. Supp. 643, 662 (D.N.J. 1995); *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

First, the Court agrees with Defendants that Plaintiff's Motion for Sanctions is procedurally improper pursuant to Rule 11(c)(2), which states that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *See Scott v. Bd. of Ed. of City of East Orange*, Civ. No. 01-4171, 2006 WL 3675278, at *18 (D.N.J. Dec. 12, 2006) (noting that "unless counsel serves a copy of the Rule 11 motion on its adversary and waits 21 days from the date of service before filing the motion, the motion must be denied"). Therefore, Plaintiff's Motion must be denied because of this procedural defect.

Notwithstanding the procedural flaws, the Court finds that Plaintiff's Motion lacks merit. Plaintiff asserts that sanctions are warranted because Defendants have advanced frivolous legal arguments and have engaged in a pattern of bad faith conduct. (ECF No. 71 at 4-6.) However, Plaintiff provides no support for these allegations. Moreover, given that the Court has rejected all of Plaintiff's arguments and dismissed his claims, (*see* ECF Nos. 51 & 64), there can be no basis for sanctions against Defendants.[10]

Therefore, Plaintiff's Motion for Sanctions is denied.

### D. Motion to retain Status Quo

Plaintiff's Motion to retain the status quo is brought pursuant to Rule 62(d). Rule 62(d) provides, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure

---

[10] Plaintiff has filed similar motions for sanctions on at least two separate occasions, which the Court has denied. (*See* ECF Nos. 51 & 64.)

the opposing party's rights." Fed. R. Civ. P. 62(d). Because Rule 62(d) provides for a stay pending appeal, and there is currently no pending appeal, the Court will deny Plaintiff's Motion.

To the extent that Plaintiff's Motion to retain the status quo is actually a renewed motion for injunctive relief, the Court denies the Motion for the reasons outlined in its January 22, 2025 Text Order.[11] (ECF No. 75.)

### E. Filing Injunction

Defendants have requested that the Court "bar[] Plaintiff from filing any further motions or appeals in connection with this action." (ECF No. 66 at 12.)

"Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation." *Horizon Blue Cross Blue Shield of N.J. v. Arsenis*, Civ. No. 23-22822, 2024 WL 2750824, at *4 (D.N.J. May 29, 2024) (quoting *Parker v. Admin N.J. State Prison*, 795 F. App'x 862, 862 (3d Cir. 2020)). As courts have recognized, "[t]he broad scope of [a d]istrict [c]ourt's power, however, is limited by two fundamental tenets of our legal system—the litigant's right to due process and access to the courts." *Id.* (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). As such, filing injunctions should be narrowly tailored and entered into sparingly. *In re Packer Ave. Assocs.*, 884 F.2d 745, 746 (3d Cir. 1989).

District courts are guided by the following requirements when considering whether to impose a filing injunction: (1) "the order should be entered only in exigent circumstances, such as

---

[11] The Court notes that the "standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *In re Entresto (Sacubitril/Valsartan) Patent Litig.*, Civ. No. 19-2053, 2024 WL 3757086, at *2 (D. Del. Aug. 12, 2024) (quoting *Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013)). Therefore, whether the request is for a stay or preliminary injunction, the request is denied.

when a litigant continuously abuses the judicial process by filing meritless and repetitive actions"; (2) "notice to the litigant to show cause why the proposed injunction should not issue"; and (3) "the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case." *Parker*, 795 F. App'x at 862-63.  Importantly, and as relevant here, a litigant's *pro se* status cannot act as a shield against filing injunctions.  *See Grossberger v. Ruane*, 535 F. App'x 84, 86-87 (3d Cir. 2013) (affirming district court's decision to impose filing injunction on *pro se* litigant that continued to file meritless motions, briefs, and letters after case was closed); *Bishop v. Dep't of Homeland Sec.*, Civ. No. 14-5244, 2015 WL 2125782, at *8 (D.N.J. May 6, 2015) (granting the government's request for a filing injunction because *pro se* plaintiff filed four meritless civil actions regarding his termination).

      The Court is certainly troubled by Plaintiff's repeated efforts to file frivolous motions in this case as well as unauthorized briefs.  (*See, e.g.*, ECF Nos. 45, 55, 71 (filing frivolous motions for sanctions).)  However, the Court finds that a filing injunction is not warranted at this stage.  Nevertheless, Plaintiff is on notice that courts have the authority to impose filing injunctions and will do so when a party continues to abuse the judicial process.  *Cf. Arsenis*, 2024 WL 2750824, at *6 (imposing a filing injunction on *pro se* plaintiffs for continuously, improperly removing the state court action to federal court).

      Therefore, despite Plaintiff's actions in this case, Defendants' request for a filing injunction is denied without prejudice.

## III.  CONCLUSION

For the reasons stated above, and for other good cause shown, Plaintiff's Motions (ECF Nos. 65, 71, 77, 78) are **DENIED**. An appropriate Order follows.

Dated: April 30, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE